UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIPPON STEEL CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>POSCO AND POSCO AMERICA CORPORATION,<br><br>        Defendants. | Civil Action No.: 12-2429 (DMC)<br><br>**SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure; and the Court having considered the parties' proposed discovery schedule; and for good cause shown:

**IT IS** on this 27th day of August, 2012,

**ORDERED THAT**:

### I. DISCLOSURES

1. Fed. R. Civ P. 26 initial disclosures are to be exchanged on or before **September 4, 2012.**

2. Service of original written discovery shall be made by **September 4, 2012**.

### II. SCHEDULING

3. By **September 5, 2012,** Plaintiff shall, in accordance with L. Pat. R. 3.1 and 3.2, provide its asserted claims and infringement contentions and accompanying disclosures.

4. By **November 2, 2012,** Defendant shall, in accordance with L. Pat. R. 3.2A, 3.3 and 3.4, serve its Non-Infringement Contentions and Invalidity Contentions and accompanying disclosures and associated documents.

5. By **December 7, 2012**, Plaintiff shall, in accordance with L. Pat. R. 3.4A, serve its Responses to Invalidity Contentions and produce associated documents.

**Claim Construction Discovery:**

6. By **December 21, 2012**, the parties shall, in accordance with L.Pat.R.4.1(a), exchange and serve a list of claim terms which the parties contend should be construed by the Court.

7. By **January 18, 2013**, the parties shall, in accordance with L.Pat.R.4.2(a)-(b), contemporaneously exchange preliminary proposed constructions of each term identified by the parties for claim construction and identify all extrinsic evidence and testimony of all witnesses including expert witnesses.

8. By **February 1, 2013**, the parties shall, in accordance with L.Pat.R.4.2(c), exchange an identification of all intrinsic evidence and extrinsic evidence that each party intends to rely upon to oppose any party's proposed construction, including without limitation, the evidence referenced in L.Pat.R.4.2(b).

9. By **February 18, 2013**, the parties shall, in accordance with L.Pat.R.4.3, complete and file a Joint Claim Construction and Prehearing Statement and accompanying documents.

10. By **March 20, 2013**, the parties shall, in accordance with L.Pat.R.4.4, complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, other than experts, identified in the Preliminary Claim Construction Statement or Joint Clam Construction and Prehearing Statement.

**Claim Construction Submissions**:

11. By **April 4, 2013,** the parties shall contemporaneously exchange and serve their opening *Markman* briefs and any evidence supporting claim construction, including experts' certifications or declarations in accordance with L. Pat. R. 4.5(a).

12. By **May 6, 2013,** the parties, in accordance with L. Pat. R. 4.5(b), shall conclude any discovery from any expert witness who submitted a certification or declaration under L. Pat. R. 4.5(a).

13. By **June 3, 2013,** the parties shall contemporaneously exchange and file responding *Markman* briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations, in accordance with L. Pat. R. 4.5(c).

14. By **June 17, 2013,** the parties shall confer in accordance with L. Pat. R. 4.6 to propose to the Court a schedule for a Claim Construction Hearing, to the extent the parties or the

Court believe a hearing is necessary for construction of the claims at issue.  The Court will thereafter convene a conference to address scheduling and protocol for claim construction.

15. Not later than 30 days after entry of the Court's claim construction order, or upon such other date as set by the Court, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall make the disclosures required in accordance with L. Pat. R. 3.8. A party who does not comply with the above requirements shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

**Discovery and Motion Practice**:

16. Any motions to join parties or amend pleadings, whether by third-party complaint or amended pleadings, shall be made by **October 26, 2012**.

17. All fact discovery shall be complete by **May 13, 2013**.  Requests for additional time to conduct discovery will be considered under the "good cause" standard of Rule 16.

18. Counsel shall confer in good faith to attempt to informally resolve any and all discovery disputes prior to seeking Court intervention.  In the event the parties are unable to informally resolve their disputes, the matter shall immediately be brought to the Court's attention by letter, telephone call, or facsimile.  See L. Civ. R. 37.1.  No formal discovery motion shall be filed without prior leave of Court.

19. Dispositive motion deadlines will be set as the case proceeds.  Any party that wishes to file a dispositive motion shall request a pre-motion conference with the Magistrate Judge.  No motions are to be filed without permission from this Court.

20. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  See Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless a privilege is implicated.

21. The Court will not impose any specific limitations on depositions in this case. The parties are to proceed in good faith to take the depositions they believe are necessary.  If the parties cannot agree on the scheduling and/or number of depositions, they may raise the issue with the Court pursuant to Local Civil Rule 37.1 and the provisions of this Order.

### III.  EXPERTS

22. All expert reports on behalf of the party having the burden of proof on the issue shall be delivered by **August 23, 2013.**

23. All rebuttal expert reports shall be delivered by **September 20, 2013**.

24. All expert discovery shall be completed by **October 11, 2013**.

## IV.  PRETRIAL CONFERENCE

25. A final pretrial conference shall be conducted pursuant to Federal Rule of Civil Procedure 16(d) at **TO BE DETERMINED**.  All pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

## V.  FUTURE CONFERENCES

26. There shall be telephone status conferences before the undersigned on:
    **November 19, 2012 at 11:00 a.m.**
    **January 8, 2013 at 10:00**
    **March 18, 2013 at 11:00**
    **May 22**, **2013 at 10:00**
    **July 25, 2013 at 11:00a.m.**

    *Plaintiff shall initiate the telephone calls.

27. The Court may, from time-to-time, schedule conferences as may be required, either *sua sponte* or at the request of any party.

28. Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and clients with full settlement authority must either attend the conference or be immediately available by telephone.

## VI.  MISCELLANEOUS

29. If a party seeks to file information under seal, the party shall: (1) refer to Local Civil Rule 5.3(c); and (2) contact the Chambers of the undersigned for instructions regarding the format for presenting such a motion.  The parties are reminded that the Local Civil Rules contemplate that the sealing of materials will be done in the least restrictive means available.  See L. Civ. R. 5.3(c)(2).  As a result, the Court will *not*, absent extreme circumstances, seal lengthy documents in their entirety.

30. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with the consent of all counsel.

        31.    A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action.  Any such communication that does not recite or contain a certification of such service may be disregarded by the Court.

**FAILURE TO FOLLOW THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16 AND 37.**

        _s/ Mark Falk_
        **MARK FALK**
        **United States Magistrate Judge**