

WILLIAM P. DENI, JR.
Associate

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4853 Fax: (973) 639-8373
wdeni@gibbonslaw.com

March 14, 2013

**VIA ECF & FEDEX**

The Honorable Dennis M. Cavanaugh
United States District Judge
Frank R. Lautenberg U.S. Post Office
    and Courthouse Building
Room 451
1 Federal Square
Newark, New Jersey 07102

      Re:    Nippon Steel & Sumitomo Metal Corporation v. POSCO et al.
              Civil Action No. 12-cv-2429 (DMC) (MF)

Dear Judge Cavanaugh:

      We, along with Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, represent Defendants POSCO and POSCO America Corporation (collectively "POSCO") in the above-referenced matter. We write in response to plaintiff Nippon Steel & Sumitomo Metal Corporation's ("Nippon") recent filing of March 12, 2013 (ECF No. 83), which purports to be an objection to a Report and Recommendation ("Objection"). Ordinarily, we would not further burden the Court or the record on an issue raised prematurely, so it is out of an abundance of caution that we write to clarify the procedural status regarding Nippon's filing.

      In accordance with the Order Appointing Special Master (ECF No. 59), the Honorable William L'E. Wertheimer (Ret.), acting as Special Master, convened a conference with the parties on February 22, 2013 to discuss a number of pending discovery disputes. Subsequent to the February 22 conference, Judge Wertheimer sent a letter to The Honorable Mark Falk, United States Magistrate Judge, to "keep the Court informed" of the recent developments. *See* Exhibit 1, at 1, 8. Judge Wertheimer forwarded a copy of that correspondence to the parties, to ensure a reasonable degree of transparency to the process for the benefit of all parties.

      In its premature Objection, however, Nippon claims that Judge Wertheimer's letter is a Report and Recommendation, despite the fact that the letter plainly was not submitted to Your Honor, and that it does not purport to be or to substitute for a final order to the parties or a Report and Recommendation to this Court. Nippon's attempt to seize upon correspondence between the Special Master and Magistrate Judge Falk as grounds for filing an ostensible objection circumvents this Court's rules and procedures, resulting in a waste of the Court's time and attention. *See* ECF No. 59 and the Local Rules discussed herein.

      On March 11, the parties participated in a teleconference with Judge Wertheimer specifically to discuss certain details regarding the Special Magistrate's forthcoming order. *See* Exhibit 2. Judge Wertheimer made it clear during the teleconference that His Honor will issue a

GIBBONS P.C.

Dennis M. Cavanaugh, U.S.D.J.
March 14, 2013
Page 2

proposed order, at which time both parties will have an additional 5-day objection period to dispute the language or terms of the proposed order.

Instead of waiting for the Special Master to issue the actual order, Nippon has put the proverbial cart before the horse, and filed an objection to the Special Master's *correspondence*. The Order Appointing Special Master provides that appeals and objections "must be filed within the time frame set forth in Local Civil Rule 72.1(c)(1)." (*E.g.*, ECF No. 59 at ¶4.) Local Civil Rule 72.1(c)(1), in turn, permits any party to appeal "within 14 days ***after the party has been served*** with a copy of the Magistrate Judge's order . . . ." (emphasis added). POSCO respectfully submits that the parties should not be permitted to file formal appeals to the Special Master's orders *in advance* of the Special Master's having had the opportunity to finalize and submit such orders.[1]

Accordingly, POSCO believes that Nippon's filing is inappropriate and premature at this time, and that no response to its contents should be necessary. Should the Court determine that Nippon's filing may be received and considered in advance of the Special Master's order, POSCO respectfully requests an opportunity to submit a substantive response, as contemplated in Local Rule 72.1(c)(1)(A).

Respectfully Submitted,

*s/ William P. Deni, Jr.*

William P. Deni, Jr.

Enclosures

cc:   Hon. Mark Falk, U.S.M.J (via FedEx)
      Hon. William L'E. Wertheimer (via FedEx)
      Counsel of record (via ECF and e-mail)

---

[1] Nippon's course of conduct, if permitted, will prove unworkable. For example, if Nippon's premature filing is permitted, then when the Special Master's actual order issues, the parties will, under the Local Rules, have 14 days to raise appeals to the order. Thus, the Court could be faced with two rounds of briefing essentially directed to the same order.