**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIPPON STEEL & SUMITO METAL CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>POSCO AND POSCO AMERICA CORPORATION,<br><br>    Defendants. | Civil Action No.: 12-2429 (DMC)<br><br><br><br>**ORDER** |

  Plaintiff, Nippon Steel & Sumito Metal Corporation, commenced this patent infringement and unfair competition case against Defendants, POSCO and POSCO America Corporation, as part of global intellectual property dispute regarding grain-oriented electrical steel ("GOES"). In addition to this case, the parties are engaged in GOES-related litigation in Korea and Japan. The overarching issue in all of these proceedings is Nippon's contention that POSCO has engaged in a multi-year program of corporate espionage, including theft and bribery, directed toward Nippon's GOES technology.

  On December 6, 2012, the Honorable William L'E. Wertheimer (Ret.) was appointed as a Special Master to work alongside Magistrate Judge Falk in

managing the pretrial proceedings in this case. This was deemed necessary because of, among other things, the parties' litigious relationship and the fact that the Court was and continues to be barraged with an unusually large number of discovery disputes.

Following his appointment, Judge Wertheimer has held conferences with counsel and issued two opinions. In each instance the non-prevailing party has filed objections to Judge Wertheimer's findings and recommendations. As a result, now pending before this Court are: (1) Nippon's objections to Judge Wertheimer's Report & Recommendation dated February 27, 2013, regarding certain provisions of the Discovery Confidentiality Order; and (2) POSCO's objections to Judge Wertheimer's Report & Recommendation dated May 10, 2013, regarding the permissible scope of discovery.

Non-dispositive decisions are generally subject to a highly deferential standard of review such that they will only be disturbed when a decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72. Moreover, when the non-dispositive issue involved is a discovery dispute, an even more deferential standard, "the abuse of discretion standard," may be applied. <u>Environmental Tectonics v. W.S. Kilpatrick & Co.</u>, 659 F. Supp. 1381, 1399 (D.N.J. 1987).

In appointing a Special Master, this Court had no intention of disturbing the

deference afforded to non-dispositive discovery decisions, regardless of whether the decision is technically rendered by a Magistrate Judge or a Special Master. See, e.g., Katz v. AT&T Corp., 191 F.R.D. 433, 436 (E.D. Pa. 2000) ("The decision of a Special Master in a discovery dispute, as the decision of a magistrate [judge] would be, is entitled to great deference."). Piecemeal appeals of discovery decisions are not feasible or contemplated. They also conflict with the letter and spirit of the Federal and Local Rules.

Regardless, this Court has reviewed the Special Master's comprehensive Reports *de novo* and has considered all objections to same. After doing so, the Undersigned agrees completely with Judge Wertheimer's reasoning on all disputed issues. Therefore, for the reasons already set forth in detail in the Reports dated February 27, 2013, and May 10, 2013, and for good cause appearing:

**IT IS on this 24th day of June 2013,**

**ORDERED** that, Nippon's objections to the Special Master's Report and Recommendation dated February 27, 2013, are hereby **overruled**; and it is further

**ORDERED** that, POSCO's objections to the Special Master's Report and Recommendation dated May 10, 2013, are hereby **overruled**; and it is further

**ORDERED** that, the Special Master's Reports and Recommendations are adopted as the Opinions of this Court.

_____
**DENNIS M. CAVANAUGH**
**UNITED STATES DISTRICT JUDGE**