NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NIPPON STEEL & SUMITOMO METAL CORP., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 12-2429 (DMC)(MF) |
| POSCO and POSCO AMERICA CORP., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion of Defendants POSCO and POSCO America Corporation (collectively "POSCO") to Dismiss counts five, six, and seven of Plaintiff Nippon Steel & Sumitomo Metal Corporation's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). (Nov. 9, 2012, ECF No. 49). After carefully considering the parties' submissions, and based upon the following, it is the finding of this Court that POSCO's Motion to Dismiss the Complaint is **denied**.

## I. BACKGROUND[1]

This action is part of a global intellectual property dispute between Plaintiff Nippon Steel & Sumitomo Metal Corporation ("Nippon") and POSCO, related to grain-oriented electrical steel

---

[1]The facts set forth in the Background are taken from the Amended Complaint (October 26, 2012, ECF No. 46). On this Motion to Dismiss, the Court will accept the factual allegations in the Amended Complaint as true and construe all facts in Plaintiff's favor.

("GOES"). GOES is specialized steel used in the cores of power and distribution transformers. The claims in this action are for patent infringement, false advertising and unfair competition. There are also other proceedings involving the parties pending in foreign jurisdictions, including a theft of trade secrets case filed by Nippon in Japan, and two proceedings in Korea–a declaratory judgment action filed by POSCO, and an appeal pending in the Korean Supreme Court that involves access to evidence in certain Korean criminal proceedings. The overarching issue in all of these proceedings is Nippon's contention that POSCO has engaged in a multi-year program of corporate espionage, including theft and bribery, directed toward Nippon's GOES technology, and that POSCO has incorporated Nippon's GOES technology into its own GOES manufacturing process.

The original Complaint in this case was filed on April 24, 2012 (ECF No. 1) and contained claims for willful infringement of four patents: (i) U.S. Patent No. 5,261,972 ("the '972 patent"); (ii) U.S. Patent No. 6, 613,160 ("the '160 patent"); U.S. Patent No. 7,442,260 ("the '260 patent"); and U.S. Patent No. 7,976,644 ("the '644 patent").

Nippon's Amended Complaint, filed on October 26, 2012, added a § 43 Lanham Act claim and claims for unfair competition under both § 56:4-1 of the New Jersey Fair Trade Act ("N.J.S.A.") and the common law. (Am. Compl., ECF No. 46). Nippon bases these claims on the allegation that POSCO's GOES products are made using Nippon technology, which POSCO wrongfully represents to customers in advertising, as technology that it created and owned.

POSCO filed the instant Motion to Dismiss and an accompanying Moving Brief ("Def. Br.") on November 9, 2012. (ECF No. 49). POSCO contends that counts five, six and seven of the Amended Complaint should be dismissed because, based on Supreme Court precedent and

2

other supporting case law, no cause of action exists under § 43(a) of the Lanham Act or under the parallel New Jersey statute and common law unfair competition claims. Thus, POSCO contends, Nippon fails to state a claim upon which relief can be granted. Plaintiff filed an Opposition Brief ("Pl.'s Opp'n. Br.") on December 3, 2012. (ECF No. 58). POSCO filed a Reply Brief ("Def.'s Reply") on December 10, 2012. (ECF No. 62). The matter is now before this Court.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) , all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007).  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

## III. DISCUSSION

### A. Count Five: Violation of Lanham Act § 43(a)(1)(B)

3

Nippon alleges that POSCO has violated Lanham Act § 43(a)(1)(B). (Am. Compl. ¶¶57-62). False advertising is prohibited under § 43(a)(1)(B), which reads in relevant part:

> (1) Any person who, or in connection with any goods or services, ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-
> ...
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or anther person's goods, services, or commercial activities, shall be liable in a civil action by any other person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

To establish a Lanham Act claim based on false or misleading representations in commercial advertising a plaintiff must allege:

> 1) that the defendant has made false or misleading statements as to his own product or another's; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised good traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

Warner Lambert Co. v. BreathAsure, Inc., 204 F.3d 87, 91-92 (3d Cir. 2000). The plaintiff need not prove element two if the advertisement is false: "If an advertisement is literally false, the plaintiff does not have to prove actual consumer deception." Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 171 (3d Cir. 2001).

Here, Nippon's allegations in the Amended Complaint are sufficient to state a claim under § 43(a)(1)(B).   Nippon has alleged that POSCO used illicit means to build its GOES business on the back of Nippon's technology. (Am. Compl. ¶ 12). Nippon asserts that POSCO obtained scores of internal Nippon documents that detailed Nippon's GOES specifications,

strategic plans and advanced manufacturing techniques, and that POSCO further copied and implemented Nippon's GOES technology into its own GOES manufacturing and began importing GOES products embodying such technology into the United States. (Amended Compl. ¶¶ 12, 16).

Nippon has alleged that POSCO's statements about its own GOES products are false or misleading because POSCO represents to customers that because of POSCO's own innovation, POSCO's GOES products have uniquely superior characteristics and qualities, such as "excellent performance and high energy efficiency," "superior electric and magnetic property," and "consistent quality improvement," such that "customers prefer products made by POSCO." (Am. Compl. ¶¶ 16-17). Nippon maintains that such statements cannot be true, as POSCO's GOES products are actually manufactured using Nippon's technology. As a result, Nippon claims that it is forced to sell its own GOES products in competition with POSCO's GOES products made using technology that POSCO misappropriated from Nippon. (Opp'n. Br. 3, 7). Nippon further pleads that the statements enhance POSCO's reputation and influence the purchasing decisions of GOES customers worldwide. (Am. Compl. ¶¶ 17, 20, 59). Nippon also sufficiently pleads that the advertised goods traveled in interstate commerce and that there is a likelihood of injury to Nippon. (Am. Compl. ¶¶ 6, 20, 58, 62). Accordingly, the facts plead by Nippon sufficiently meet the requirements of the test espoused in Warner Lambert Co.

POSCO maintains that its advertisements made no comparison as to the superiority of its own GOES products versus either Nippon's GOES products or any other GOES products in the marketplace. (Def's Reply Br. 3). POSCO argues that such allegations were only added by Nippon in its Opposition Brief in an attempt to broaden its Lanham Act claim beyond a false

5

attribution of authorship claim under § 41(a)(1)(A). (Def's Reply Br. 3). The Court disagees. First, Nippon makes these same allegations in its Amended Complaint as well as it Opposition Brief. <u>See</u> Amended Compl. ¶ 17. Second, while any statements made by POSCO regarding the superiority and customer preference may not directly name any specific GOES competitor, use of such statements in advertising must necessarily be a comparison of POSCO's GOES product to those of competitors, including Nippon. <u>See</u> <u>Castrol Inc. v. Penzoil Co.</u>, 987 F.2d 939, 945-48 (3d Cir. 1993) (affirming a violation of § 43(a)(1)(B) where a company advertised that its motor oil provided longer engine life and better engine protection, finding that such a statement, by necessary implication, compared the company's products to those of its competitors). Thus, the Court finds that Nippon has properly plead a false advertising claim under §43(a)(1)(B), not a false attribution of authorship claim under § 43(a)(1)(A).

POSCO's reliance on <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23 (2003) and <u>Baden Sports, Inc. v. Molten USA, Inc.</u>, 556 F.3d 1300 (Fed. Cir. 2009) is misplaced. First, <u>Dastar</u> arose in the context of a summary judgment motion, after the parties were allowed to develop a factual record. Second, <u>Dastar</u> involved a "false statement of origin" claim under § 43(a)(1)(A), as opposed to the § 43(a)(1)(B) claim that Nippon asserts in Count Five.  Nippon's allegations go further than simply claiming that POSCO "substantially copied" Nippon's technology, as was the case in <u>Dastar</u>. 539 U.S. at 38. Nippon also alleges that POSCO falsely promoted its products as the customer choice based on false statements of uniquely superior characteristics and qualities.

<u>Baden Sports</u> is also distinguishable from the present matter, as it arose in the context of post-trial motions. Again, the parties in <u>Baden</u> were afforded the opportunity to conduct

discovery as to the Lanham Act claim, in order to fully develop the factual record. Further, and more importantly, the Federal Circuit considered "whether Baden ha[d] alleged anything more than false designation of authorship." 556 F.3d at 1307. The court found that Baden had "limited its arguments to [defendant's] claims to be the innovator of [the underlying] technology." Id. The court found that "[n]o physical or functional attributes . . . are implied b y [defendant's advertisements." Id. Here as the Court has discussed *supra*, Nippon has alleged that POSCO has made false statements pertaing to the "physical or functional attributes" of its products.

Thus, the Court finds that Nippon has alleged a plausible claim for relief against POSCO as to Count Five. POSCO's motion to dismiss Count Five, violation of § 43(a)(1)(B) of the Lanham Act, will be denied.

**B. Counts Six and Seven: New Jersey Fair Trade Act Violation and common law unfair competition**

Nippon also asserts claims for common law unfair competition and violation of the New Jersey Fair Trade Act and . N.J.S.A. § 56:4-1 codifies New Jersey's "common law authority of unfair competition." Nat'l Football League Props., Inc. v. New Jersey Giants, Inc., 637 F.Supp 507, 519 (D.N.J. 1986). The statute proscribing unfair competition provides: "No merchant, firm or corporation shall appropriate for [its] own use a name, brand, trademark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals." N.J.S.A. § 56:4-1.

The elements of unfair competition under N.J.S.A. § 56:4 and New Jersey common law are the same as those required under the Lanham Act. The Third Circuit stated "except for the interstate commerce requirement [of the Lanham Act], the elements of the unfair competition

torts proscribed by New Jersey law and by section 43(a) of the Lanham Act are the same" <u>SK &</u>

<u>F, Co. v. Premio Pharm. Laboratories, Inc</u>. 625 F.2d 1055, 156 (3d. Cir. 1980). Therefore, the

Court "need not repeat the factual discussion as to the likelihood of success on the merits." *Cf.*

<u>Id</u>. (the court held that it need not repeat the analysis for the Lanham Act claim when it already

conducted the same analysis for the state unfair competition claim).

As discussed above, Nippon's Lanham Act claim against POSCO will stand. Because the

analysis is the same for the New Jersey Fair Trade Act and common law claims, POSCO's

motion to dismiss Count Six and Seven shall also be denied.

## IV. CONCLUSION

For the foregoing reasons, POSCO's Motion to Dismiss counts five, six, and seven of the

Amended Complaint is **denied**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:      June 27, 2013
Original:  Clerk
cc:        All Counsel of Record
           Honorable Mark Falk, U.S.M.J.

8