UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIPPON STEEL & SUMITOMO METAL CORPORATION, | |
| Plaintiff, | Civil Action No. 12-2429 (SRC) |
| v. | OPINION & ORDER |
| POSCO et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Defendants POSCO and POSCO America Corporation (collectively, "POSCO") of the Special Master's Order of August 22, 2013, which, *inter alia*, denied a number of POSCO's discovery requests. For the reasons stated below, the Special Master's Order will be affirmed.

The Court's appointment of a Special Master, and its review of a Special Master's decisions, are governed by Federal Rule of Civil Procedure 53. Under Rule 53(f), the Court reviews findings of fact and conclusions of law *de novo*, while "the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5). The rulings on discovery matters contained in the Order of August 22, 2013 are procedural matters, and they will be reviewed under an abuse of discretion standard.

POSCO appeals the Special Master's decisions denying discovery of: 1) the prior art

manufacturing process of Plaintiff Nippon Steel & Sumitomo Metal Corporation ("Nippon"); and 2) the measures Nippon took to protect allegedly proprietary information. While this Court does not have in the record before it any Opinion which explains the reasoning underlying the Special Master's decisions, the parties do not substantially disagree in their reporting of the rationales. The Special Master denied POSCO's request for discovery of Nippon's prior art manufacturing process because POSCO had failed to disclose an Invalidity Contention based on that prior art. POSCO concedes that L. Pat. R. 3.3(a) requires the disclosure of all prior art to be asserted as invalidating a patent at issue in the Invalidity Contentions, and that POSCO did not include the prior art they now seek discovery of.

Absent from POSCO's brief is any persuasive argument even suggesting that the Special Master abused his discretion in denying POSCO's discovery request on the basis of L. Pat. R. 3.3(a). Based on the Invalidity Contentions POSCO disclosed, there was no assertion that the prior high temperature manufacturing process used by Nippon constituted prior art which might invalidate a patent at issue. POSCO's application to amend the Invalidity Contentions has been denied, and, since one is only entitled to discovery related to claims and defenses in the case, and potential prior art involving the high temperature process is not in the case, it is not discoverable.[1] As to the first ground for appeal, this Court finds that the Special Master did not abuse his discretion in denying POSCO's discovery request, and his decision denying the request

---

[1] POSCO's contention that its Invalidity Contentions could not have included this prior art because it was unaware of it appear to be unsupported by the record, as the Special Master has previously indicated. Certainly POSCO was well aware early in the case of this potential and nevertheless never sought to assert any contentions, detailed or not, regarding what they now allege is prior art. If our Local Patent Rules are to have any impact, they cannot create an incentive for parties to evade disclosure of their positions until deadlines have expired.

will be affirmed.

The next issue for appeal is puzzling. POSCO begins its argument with the heading, "If Nippon is Permitted to Pursue Its Claims of Misappropriation and Copying, Discovery Directed to Nippon's Former Employees and the Allegedly Confidential and Proprietary Nature of Nippon's Technology is Relevant. . ." (Defs.' Br. 16.) The Amended Complaint, however, asserts seven claims, none of which assert as a primary cause of action misappropriation of proprietary information. It has four claims for patent infringement, one for false advertising in violation of the Lanham Act, one for misrepresentation as common law unfair competition, and one for misrepresentation in violation of the New Jersey Fair Trade Act. Nippon has stated that "it is irrelevant whether the 'copied Nippon technology' was confidential." (Pl.'s Opp. Br. 11.) Thus, to the extent that the Amended Complaint could potentially be understood to imply any claim for misappropriation of confidential information, Nippon has abandoned such claims.

The Court concludes that the Special Master's decision to foreclose discovery into Nippon's efforts to maintain the confidentiality of its processes is correct. Nippon has unequivocally disavowed any contention that their non-patent claims are predicated on any claim for misappropriation of confidential or proprietary information. Rather, Nippon has expressly stated that the non-patent claims are based on the contention that POSCO falsely advertised that the processes used by it in making GOES steel were its own when, according to Nippon, those processes were Plaintiff's. Such claims do not require a demonstration of the proprietary nature of the information, nor of misappropriation. Discovery of this area is not relevant to any claims or defenses in this case, and the Special Master did not abuse his discretion in denying these requests.

For these reasons,

**IT IS** on this 26th day of March, 2014

**ORDERED** that the Special Master did not abuse his discretion in denying POSCO's discovery requests in the Order signed on August 22, 2013, and POSCO's appeal (Docket Entry No. 137) of this Order is hereby **DENIED**; and it is further

**ORDERED** that the Order of the Special Master signed on August 22, 2013 is hereby **AFFIRMED**.

                                                s/ Stanley R. Chesler  
                                                Stanley R. Chesler, U.S.D.J.