IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
JUL 10 2014
AT 8:30_____M
WILLIAM T. WALSH, CLERK

NIPPON STEEL & SUMITOMO METAL CORPORATION,

    Plaintiff,

vs.

POSCO and POSCO AMERICA CORPORATION,

    Defendants.

Civil Action No. 12-2429 (SLC) (CLW)

**LETTER OPINION**

    The Honorable Stanley L. Chesler directed the undersigned to address two motions pending before the Court in the above-captioned matter. The first motion to be considered is Nippon's motion to strike portions of defendant's Answer to its First Amended Complaint and, thereafter, POSCO's motion "for relief to remedy Nippon's conflicting representations to the Court regarding the claims at issue and the relevancy of certain subject matter."

    As has been noted on several occasions this is a hotly contested case between two steel companies who have been antagonists and competitors for decades. The case includes both patent and non-patent causes of action. Nippon is a Japanese corporation and a competitor of POSCO, a Korean corporation in the steel industry. The case concerns patents for the manufacture of grain-oriented electrical steel ("GOES"). GOES is a specifically-designed and manufactured product used in, among other things, cores of power and distribution transformers.

On April 24, 2012, Nippon filed a four-count Complaint for patent infringement, solely alleging infringement of four of its patents ('972, '160, '260, and '644). On July 13, 2012, POSCO responded to that Complaint. Its Answer contained a total of two separate defenses (invalidity, non-infringement).

On October 26, 2012, the deadline in a Scheduling Order to file amended pleadings, Nippon filed its "First Amended Complaint," repeating its original four patent counts, but adding count five (false advertising—violation of Lanham Act), count six (common law unfair competition) and count seven (violation of New Jersey Fair Trade Act, N.J.S.A. 56:4.1). POSCO responded to this pleading by filing a motion under Fed.R.Civ.P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted.[1] That motion was denied by The Honorable Dennis M. Cavanaugh on June 27, 2013, and POSCO timely filed its First Answer to Nippon's First Amended Complaint on July 11, 2013, adding new separate defenses to the original four patent counts and certain counterclaims.

The October 26, 2012 Answer that POSCO filed included an inequitable conduct claim directed to the '644 patent. In communications between the parties, Nippon advised POSCO that it did not think what POSCO pleaded was accurate, so thereafter on November 13, 2012, POSCO wrote to the court via a "letter request" requesting leave to amend the inequitable conduct defense. For unknown reasons the court did not act upon this letter request. Thereafter on July 11, 2013 POSCO concluded in light of the court's denial of its motion to dismiss on June 27, 2013 it "needed" to file a pleading. (T. June 17, 2014 p.51, L23-25). POSCO filed that pleading within fourteen days after its motion was denied, which is within the time required for same under Fed. Civ. Rule P. 12(a)(4)(A).

---

[1] On October 26, 2012, POSCO also filed an Amended Answer to Nippon's original Complaint.

2

Thereafter, Nippon moved to strike portions of POSCO's Answer to the First Amended Complaint as: (1) violative of the original Scheduling Order; (2) done without seeking or obtaining leave of court; and (3) lack of good cause for the delay. Nippon specifically seeks an Order striking all amendments to POSCO's defenses for inequitable conduct and its "unrelated declaration of unenforceability" under count four as well as POSCO's affirmative defenses, eight – eleven, to the extent that they apply to that pled in Nippon's original Complaint, POSCO's Counterclaim and counts five through seven.[2]

Basically, it is Nippon's position that any part of POSCO's Amended Answer, separate defenses, and Counterclaim that respond or refer to Nippon's original four count Complaint should be stricken as having been waived by not having been pled in POSCO's original Answer, because POSCO has neither sought nor obtained leave of court to do so.

POSCO takes the position that its Amended Answer is the first time it pled with regard to Nippon's "First Amended Complaint." In its First Amended Complaint, Nippon included, for the first time, false advertising and state law unfair competition claims. In response, POSCO's Answer to the new Complaint included repeating some separate defenses and adding others and pleading Counterclaims to the Amended Complaint after its Rule 12(b)(6) motion to dismiss was denied.

Nippon wishes to strike portions of POSCO's pleading because POSCO "changed and added allegations related to inequitable conduct over its prior inequitable conduct affirmative defenses and Counterclaims, responding to Nippon's patent claims." Because Nippon says its Counterclaims were not amended and separate defenses were added to allegations previously pled in its Complaint, and POSCO's original pleadings, Nippon argues those parts of POSCO's

---

[2] At a hearing on June 17, 2014 it was represented that the motion to strike counterclaims 5 through 7 had been withdrawn.

pleadings should be stricken. In so doing, Nippon relies on the case of *Oy Tilgmann, AB v. Sport Pub. Int'l, Inc.,* 110 F.R.D. 68, 70 (E.D.Pa. 1986) which held the response in the amended pleading is limited to issues raised by the amendment. It also cites *Regent Nat. 'l Bank v. Dealers Choice Auto. Planning, Inc.*, No. 96-7930, 1998 WL 691377 at *4 (E.D.Pa. December 15, 1998) for the holding that under these circumstances POSCO is not permitted to respond again to Nippon's original patent claims.

Nippon's reliance on case law from the Eastern District of Pennsylvania is misplaced here, however, as this District has addressed the issue at hand. As Judge Wolfson noted in *Slim CD, Inc. v. Heartland Payment Systems, Inc.*, 2007 WL 2459349, at *6, 7 (D.N.J. Aug. 24, 2007), there are three ways to approach this issue.

In that case, plaintiff also moved to strike defendant's Answer pursuant to Fed.R.Civ.P. 15 and 16, when answer to a single amended count for misappropriation of trade secrets included 42 new paragraphs, 5 new counts and 10 new affirmative defenses. The Court noted that Rule 15(a) allows a party to plead "in response" to the amended pleading. This is the verbiage upon which POSCO relies in making its argument on this issue. The meaning of those words or that concept were central to Judge Wolfson's decision.

The judge noted that this is a concept which "remains unsettled by the Third Circuit." In fact, he noted, "No appellate court has squarely addressed whether counterclaims filed in response to amended complaint . . . must be permitted as of right or only with leave of court." There are three ways to approach this question:

> (1) *Permissively,* e.g., once plaintiff amends a Complaint, defendant always has a right to amend to bring new claims without regard to the scope of the amendments;

4

> (2) *Narrowly*, e.g., the response must be confined to the changes in the amended complaint (as is apparently the rule in the Eastern District of Pennsylvania); and
>
> (3) *Moderately*, e.g., the amended response does not require leave when the amended complaint changes the theory or scope of the case but "the breadth of the changes in the amended response must reflect the breadth of the changes in the Amended Complaint."

As the undersigned finds that Nippon, in its Amended Complaint, "changed and expanded the scope of this dispute," it was "wholly appropriate for POSCO to plead as it did by raising a new Counterclaim and additional separate defenses in response to the Amended Complaint." (see *Commerce Bankcorp., Inc. v. Bankatlantic,* No. Civ. 02-4774 (JBS), 2004 WL 612529, at *1 (D.N.J. Jan. 12, 2004).

It is also recognized that Rule 15 liberally permits amendments "when justice so requires." Nothing pled by POSCO should be a surprise to Nippon, and there is no allegation by Nippon in its motion papers that it is somehow prejudiced in the legal sense by this amendment nor is there any allegation that this would cause a delay in the trial or the need for any additional discovery.

POSCO's position concerning Nippon's "inequitable conduct," as it was pleaded in POSCO's October 26, 2012 Answer, has been known throughout the case. Furthermore, Nippon changed the scope of its Complaint, added theories for recovery, and amended factual allegations. POSCO has a right to respond in a reasonable manner to those changes. As long as POSCO's pleading is "possibly related to the controversy" and neither prejudices a party nor confuses issues plaintiff should be allowed to stand, *Dicar, Inc. v. Stafford Corrugated Prods., Inc.*, No. 2:05-CV-5426, 2009 WL 1796053, at *3 (D.N.J. June 22, 2009).

If leave of court is a prerequisite to allowing the pleadings, the undersigned grants leave for all the above-stated reasons *nunc pro tunc*.

\* \* \*

## POSCO'S MOTION TO REMEDY NIPPON'S "CONFLICTING REPRESENTATIONS"

POSCO's motion to "remedy Nippon's conflicting representations to the Court" refers to the claims at issue "and the relevancy of certain subject matter." It requests the Court to strike "certain statements from Nippon's Amended Complaint and to prevent Nippon from relying on certain discovery . . . in view of Nippon's representation on the record . . . that its misappropriation, theft and corporate espionage allegations are not part of or relevant to the case."

It is difficult to understand what this request for relief really is, for it is not couched in customary terms. It seems to center around POSCO's concern that Nippon may be including a claim for misrepresentation of trade secrets. This is a concern voiced early in the case, and it rears its head from time-to-time despite the fact that Nippon has represented on multiple occasions that it has no intention of pursuing any such claim. Once again, the dispute requires expertise in parsing the language, a common exercise when dealing with these parties.

A review of the Amended Complaint confirms that it does not request relief nor damages for "misappropriation, theft or corporate espionage." The Amended Complaint does assert four separate theories for recovery, as noted above. It would seem that POSCO is objecting to the manner in which Nippon intends to prove its causes of action and requests that the Court prevent Nippon from relying on discovery involving misappropriation, theft and corporate espionage.

This concern appears to be an exercise in an over abundance of caution, as Nippon, in its use of the term "misappropriation" refers to the improper use of proprietary and confidential information that resulted in false advertising by POSCO to the world concerning the

6

creation of its product. While POSCO noted, in support of its claim for relief, that none of the legal elements of the causes of action identified by Nippon in the Amended Complaint required Nippon to prove misappropriation, copying or theft, POSCO cannot limit Nippon's trial strategy of offering corroborative, direct or circumstantial evidence which supports its allegations and may be relevant to defendant's intent.

The basis of POSCO's motion concerned what it seems to feel is Nippon's inconsistent representations about what its theories of the case are. However, Nippon's causes of action are clearly set forth in the Amended Complaint, and the manner which it intends to prove its causes of action are something for it to determine and for the trial judge to rule on at the time of trial not for POSCO to proscribe. A prophylactic ruling, or a "pre-emptive strike" at this juncture is inappropriate.

Lost in the continuing ongoing attempts by parties to contribute their own meaning to words by the other party, despite what at time is the clarity of same, is the fact that contrary to POSCO's concerns there is no claim for misappropriation of trade secrets in this case. This is consistent with the parties' approach throughout discovery, as there is a tendency for each party to merely take the representations of the other party and contribute their own meaning to them rather than to ask the party what they mean by their words.

It is clear here that rather than claiming misappropriation of trade secrets, Nippon alleges that POSCO willfully copied and incorporated Nippon's technology for GOES into its own manufacturing and falsely represented to customers that because of its own development and invention it GOES was uniquely superior. Thus it is in this context, concerning false advertisement, that the words "misappropriation," "theft" and the like are used. Additionally this information may be relevant in support of common law proofs of unfair competition (Court Six)

because Nippon alleges that POSCO's statement to its customers, and Nippon's customers, failed to note that POSCO's steel is made using proprietary technology obtained from Nippon and the same technology is, in fact, available with Nippon.

Of course, the discoverability of misappropriation of technology, copying of the same, and the like, is a different concern during discovery than when considering the admissibility at trial. While Nippon's unfair competition claims may not require Nippon to prove elements and misappropriation of trade secrets claims, some elements of misappropriation, while not a separately pleaded cause of action, may be relevant to the unfair competition claim. The evidential implications are a matter for another day. Certainly it is arguable that proof of theft and copying of Nippon's technology could be relevant concerning the falsity of POSCO's advertisements into allegations of the unfairness of its conducts.

Additionally, this motion may be denied for other reasons, as it incorporates both prior arguments made to Judges Cavanaugh and Falk in the past that objected to rulings of the undersigned. Therefore, the relief sought should have been couched in the form of either a motion for reconsideration of rulings by those jurists or an appeal of the undersigned's rulings, and that is not the way it is drafted.

There is an obvious difference as to what plaintiff must prove in order to pursue its cause of action as pled and what it can prove to support or corroborate same. POSCO seems to want to limit Nippon's proofs only to the elements of the causes of actions and, thereby, deny possible corroborating evidence. Of course, any evidence that has tendency and reason to prove a fact of consequence is` relevant, and if the evidence is logically probative of a fact of consequence, it is relevant.

Unless an opponent of the evidence can point to a specific rule of exclusion it is admissible, absent the Court considering a reason for excluding such as prejudice, confusion or wasting time. POSCO's effort to strike portions of the Amended Complaint on the ground that it is not relevant to the underlying causes of action belie Nippon's explanation for the use of the language in question. However, the actual causes of action in the Amended Complaint are cognizable and have been set forth. POSCO has set forth no cause or reason for exclusion of this information Its motion is denied.

Each party prevailing above should submit appropriate Orders encompassing these ruling as mandated by local Civil Rule 7.1(e).

IT IS on this 30th day of June, 2014, so Ordered.

_____
The Hon. William L'E. Wertheimer
Special Discovery Master

G:\13773\13773-PLD-WLW-LETTER OPINION(TWO MOTIONS)-MG-ML-06-16-2014.doc