## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NIPPON STEEL & SUMITOMO METAL CORPORATION, | Civil Action No. 12-2429 (SRC) (CLW) |
| Plaintiff, | |
| v. | **ORDER OF SPECIAL MASTER ON DISCOVERY** |
| POSCO and POSCO AMERICA CORPORATION, | |
| Defendants. | |

THE MATTERS BELOW have been presented to the Special Master by way of Nippon's letters of February 27, March 7, and March 26, 2014, and POSCO's letter of March 11, 2014, along with the parties' respective opposition and reply letters, and by way of in-person hearings conducted on April 30, and May 12, 2014. The Special Master having considered the parties' written submissions and argument of counsel and having provided the parties with his rulings, as well as the basis therefore, by way of letter dated June 5, 2014, it is hereby ORDERED as follows:

1. Nippon's March 7, 2014, motion for leave to amend its infringement contentions is GRANTED. Nippon's First Amended Infringement Contentions, provided to POSCO on February 25, 2014, and the corrected claim charts attached as Exhibits 1-4 to Nippon's motion are hereby deemed served on POSCO.

2. POSCO's March 11, 2014, motion to compel Nippon to provide full discovery of all weekly reports containing information on GOES is DENIED.

2120997.1

3. Nippon's March 26, 2014, motion to modify the Discovery Confidentiality Order to permit select discovery from the case to be accessible to and available for use by outside counsel in litigation pending in Japan and Korea is GRANTED. The Proposed Amended Discovery Confidentiality Order submitted as Exhibit A to Nippon's motion will concurrently be entered. The discovery subject to this order is identified in Appendix A to Nippon's March 26, 2014, letter. As a condition to allowing foreign access to these documents, the following protection must be maintained:

   a. Foreign counsel will sign the Amended Discovery Confidentiality Order, entered herewith, and submit to the jurisdiction of this Court if they violate same;

   b. Clients will not have access to the information (which means foreign counsel may not share the information with the parties or their corporate representatives, agents, employees and the like);

   c. Nippon will stipulate that it submits to the jurisdiction of this Court, if there is any violation of the Amended Discovery Confidentiality Order abroad;

   d. Before the documents may be submitted to a foreign court, the foreign court must identify the information and agree that it will be maintained as confidential and restricted from access by parties and third parties;

   e. If the foreign court cannot meet the requirements of paragraph 3(d) or finds that the information would not be restricted from party and third

party access, Nippon will withdraw the information and not submit same to the foreign court for use abroad; and

    f. If the foreign court does not grant a motion to seal the information, the information will be withdrawn.

4. Nippon's February 27, 2014, motion for sanctions alleging violation of Fed. R. Civ. P 30(b)(6) and request for time to take additional depositions is GRANTED as follows:

    a. With respect to Topics 31, 58-64, and the ROF-related aspects of Topics 28, 40, and 49-52, POSCO is ordered to produce a properly prepared 30(b)(6) witness to testify to the following three areas:

        i. The corporate knowledge of any contracts, the parties thereto, the preparation, the terms of any contract, and its performance, and the like thereof as requested in Nippon's deposition Topics;

        ii. POSCO's knowledge of and documents related to the development of the ROF; and

        iii. POSCO's dealings and relations with former or current Nippon employees.

    b. With respect to POSCO's use of laser domain refinement, POSCO is ordered to provide specific written responses to the questions raised in Nippon's letter of June 5, 2014, including calculations of laser power, laser scan speed, and incident energy for each batch of laser domain refined GOES sold or imported into the United States since 2006 by June

3

2120997.1

  20, 2014, or produce a 30(b)(6) witness who is prepared to supply such information at a date chosen by Nippon.

 c. With respect to Topics 29, 30, 53-57, 74, 85-88, 91, and the non-ROF-related aspects of Topics 28, 40, and 49-52, POSCO is ordered to produce a properly prepared 30(b)(6) witness. Nippon may not repeat questions for which it previously received appropriate answers to any such witness. The witness may be deposed only in those areas previously not covered or in areas where the previous witness could not testify as to POSCO's corporate knowledge.

 d. POSCO is ordered to reproduce Dr. Jong Tae Park for a deposition in both his personal and corporate capacity. Questions for which Nippon previously received answers may not be rehashed or repeated. Questions should clearly indicate whether they are addressing Dr. Park's personal knowledge or POSCO's corporate knowledge.

IT IS on this \_\_\_\_ day of July, 2014, so ORDERED.

_____
HON. WILLIAM L'E. WERTHEIMER
Special Discovery Master

4

2120997.1