UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____ :
                                            :
NIPPON STEEL & SUMITOMO METAL               :
CORPORATION,                                :
                                            :
                                            :   Civil Action No. 12-2429 (SRC)
              Plaintiff,                    :
                                            :
                                            :
         v.                                 :   **OPINION & ORDER**
                                            :
                                            :
POSCO et al.,                               :
                                            :
              Defendants.                   :
_____:

**CHESLER, District Judge**

      This matter comes before the Court on the motion for reconsideration of this Court's Opinion and Order entered June 4, 2014 (the "Opinion") by Defendants POSCO and POSCO America Corporation (collectively, "POSCO"). For the reasons stated below, the motion will be denied.

      "A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. CIV. R. 7.1(i).

      POSCO seeks reconsideration of that portion of the Opinion which dealt with their arguments that certain claim terms were indefinite. POSCO contends, correctly, that the

Supreme Court's recent decision in Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120, 2129 (2014), changed the legal standard for a finding that patent claims are invalid for indefiniteness.  The question is what impact that change has on the reasoning that this Court relied on in its Opinion; the answer is none, no impact.  Even the most cursory reading of the Opinion reveals that this Court entirely rejected POSCO's original indefiniteness argument for a number of reasons.  Nautilus has had no impact on any of those reasons.  There is no basis for reconsideration.

For these reasons,

**IT IS** on this 9th day of September, 2014

**ORDERED** that POSCO's motion for reconsideration (Docket Entry No. 196) is **DENIED**.

                                               s/ Stanley R. Chesler
                                               Stanley R. Chesler, U.S.D.J.