UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
NIPPON STEEL & SUMITOMO METAL :
CORPORATION,                                :
                                            :   Civil Action No. 12-2429 (SRC)
            Plaintiff,                      :
                                            :
                                            :
      v.                                    :   **OPINION & ORDER**
                                            :
                                            :
POSCO et al.,                               :
                                            :
            Defendants.                     :
_____:

**CHESLER, District Judge**

   This matter comes before the Court on the appeal by Defendants POSCO and POSCO America Corporation (collectively, "POSCO") of the Special Master's order filed July 17, 2014 (the "Order"), which, *inter alia*, modified a Discovery Confidentiality Order ("DCO"). POSCO objects specifically to paragraph 3 of the Order. For the reasons stated below, the Special Master's Order will be affirmed.

   In brief, the background to this appeal is as follows. The Special Master had previously entered a DCO which, *inter alia*, prohibited the use of confidential discovery produced in this case for any purpose outside of this case. As modified by the Order, some use of confidential discovery in foreign courts has been allowed. POSCO argues that, in this regard, the Order, and the letter opinion setting forth the reasoning for the Order, do not comply with the Third Circuit's holding in Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). POSCO contends that, in the letter opinion, the Special Master applied a "may be relevant" standard,

which is incorrect under Pansy.

> In Pansy, the Third Circuit held:
>
> The appropriate approach in considering motions to modify confidentiality orders is to use the same balancing test that is used in determining whether to grant such orders in the first instance, with one difference: one of the factors the court should consider in determining whether to modify the order is the reliance by the original parties on the confidentiality order. The parties' reliance on an order, however, should not be outcome determinative, and should only be one factor that a court considers when determining whether to modify an order of confidentiality. . . . The party seeking to modify the order of confidentiality must come forward with a reason to modify the order. Once that is done, the court should then balance the interests, including the reliance by the original parties to the order, to determine whether good cause still exists for the order.

Id. at 790.

POSCO misreads Pansy, which requires the Court "to determine whether good cause still exists for the order." Id. Pansy does not require the Court to determine whether good cause exists for the modification.

In the letter opinion, the Special Master cited the Pansy standard in explaining his decision to modify the DCO. Plaintiff had asked that the DCO be modified because POSCO had taken positions in some foreign litigation that are contradicted by discovery obtained in this case. The Special Master concluded that the fact that the information may be relevant to a foreign court constitutes a sufficient showing of good cause to allow the use.

POSCO fails to persuade this Court that the Special Master, in applying Pansy to the motion to modify the DCO, applied the wrong legal standard, or that the modification conflicts with controlling Third Circuit law. The letter opinion shows that the Special Master performed the balancing test set forth in Pansy. POSCO argues that the Special Master's analysis effectively nullified the reliance factor, but gives no explanation supporting this claim. POSCO

2

goes no further in its argument than to complain that the Special Master failed to include reliance considerations in the analysis; it does not articulate what the reliance considerations should have been. This leaves the criticism as, at best, hollow and academic.

Crucially, POSCO appears to misunderstand Pansy and the concept of reliance in this context. POSCO selectively quotes Pansy in its brief. The Pansy Court quoted the Ninth Circuit as follows:

> The extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery or to settle the case. For instance, reliance would be greater where a trade secret was involved, or where witnesses had testified pursuant to a protective order without invoking their Fifth Amendment privilege.

Id. (quoting Beckman Indus. v. International Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992)). Reliance, as used by the Ninth Circuit in this context, is reflected in disclosure that could have been avoided, as when a witness testifies without invoking a Fifth Amendment privilege. Mere compliance with a court order compelling discovery is not what the Ninth Circuit appears to have had in mind, nor is there any reason to believe that this is what the Pansy Court had in mind. In this context, POSCO did not rely on the original DCO, producing discovery that it would otherwise have kept confidential. To the contrary, POSCO produced discovery because this Court ordered it to do so. As POSCO states, the terms of the original DCO were hotly disputed, and the Special Master made a ruling which required production. POSCO's compliance with a valid court order is not a reliance consideration within the meaning of Pansy.

Moreover, POSCO appears not to recognize that it bears the burden of proof of protection:

> It is correct that the burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking

3

> the protective order; any other conclusion would turn Rule 26(c) on its head. That does not mean, however, that the party seeking the protective order must necessarily demonstrate to the court in the first instance on a document-by-document basis that each item should be protected. It is equally consistent with the proper allocation of evidentiary burdens for the court to construct a broad "umbrella" protective order upon a threshold claim by one party (the movant) of good cause. Under this approach, the umbrella order would initially protect all documents that the producing party designated in good faith as confidential. After delivered under this umbrella order, the opposing party could indicate precisely which documents it believed not to be confidential, and the movant would have the burden of proof in justifying the protective order with respect to those documents. The burden of proof would be at all times on the movant; only the burden of raising the issue with respect to certain documents would shift to the other party.

Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986). Cipollone makes clear that Nippon does not, as POSCO implies, bear the burden of proof of good cause for disclosure. To the contrary, it is POSCO that bears the burden of proof of good cause for protection, a burden that it has not met.

The bottom line is that the legal standard for a protective order is a showing of good cause – which is the standard the Special Master applied. The Special Master weighed a number of factors, but appears to have placed the greatest weight on the finding that the discovery may be relevant to a foreign court. POSCO has not disputed the factual basis for this finding. The Special Master applied the correct legal standard and did not err in his decision to remove certain documents from protection.

This Court has reviewed the decision of the Special Master modifying the DCO and finds no error. The parties have disputed whether this Court should review the Special Master's Order *de novo* or under an abuse of discretion standard. This Court need not reach this issue, because it finds no error under either standard. The Special Master's modification of the DCO was wholly appropriate. The Special Master's Order will be affirmed.

For these reasons,

**IT IS** on this 30th day of October, 2014

**ORDERED** that POSCO's appeal of/objection to (Docket Entry No. 220) the Special Master's Order is hereby **DENIED**; and it is further

**ORDERED** that the Order of the Special Master filed July 17, 2014 (Docket Entry No. 214) is hereby **AFFIRMED**.

                                                             s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J.