UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
NIPPON STEEL & SUMITOMO METAL               :
CORPORATION,                                :
                                            :  Civil Action No. 12-2429 (SRC)
            Plaintiff,                      :
                                            :
                                            :
            v.                              :  **OPINION & ORDER**
                                            :
                                            :
POSCO et al.,                               :
                                            :
            Defendants.                     :
_____ :

**CHESLER, District Judge**

      This matter comes before the Court on the motion to stay this Court's October 30, 2014 Order by Defendants POSCO and POSCO America Corporation (collectively, "POSCO"). In that Order, this Court affirmed the Special Master's Order filed July 17, 2014, which, *inter alia*, modified a Discovery Confidentiality Order ("DCO"). POSCO had objected specifically to paragraph 3 of the Order, which modified the DCO and allowed the use of confidential discovery in foreign litigation. For the reasons stated below, the motion will be granted.

      The parties do not dispute the four-factor legal standard that this Court must apply in deciding the motion to stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776

(1987).)

In this Court's view, the factor deserving the greatest weight is the irreparable injury factor. The Order at issue permitted Plaintiff to use confidential discovery from this litigation against POSCO in foreign litigation. Once released, this cannot be undone. As the saying goes, the bell cannot be unrung. The risk of irreparable injury to POSCO, should this decision be found to have been made in error, is high. This weighs strongly in favor of granting a stay, so that the Federal Circuit may hear the pending mandamus application and issue a decision.

As to the third factor, there is little risk of harm to Plaintiff by issuance of the stay. These litigations have been going on for years and will go on for years more. There has been no showing that a delay in disclosure to foreign litigation, so that the Federal Circuit may review the application before it, will irreparably injure Plaintiff. The risk of irreparable injury to POSCO from releasing the information in error is far greater than the risk of injury to Plaintiff from delay in implementing the Order at issue.

As to the fourth factor, there has been no showing that the public interest is affected by the grant or denial of a stay.

As to the first factor, this Court, faced with a mandamus application to the Federal Circuit, cannot say that POSCO has made an especially strong showing that it is likely to succeed on the merits. POSCO has, however, made a sufficient showing that there are real legal issues here to be submitted to the Federal Circuit for review.

In opposition, Plaintiff argues that POSCO has fallen short of meeting its burden of showing that the "extraordinary remedy" of a stay pending appeal is appropriate. This Court finds, to the contrary, that POSCO has shown that an extraordinary remedy is appropriate.

Because of the risk of irreparable injury to POSCO absent a stay, and because there is little risk of harm to Plaintiff in granting the stay pending Federal Circuit review, the grant of a stay is appropriate.  Contrary to Plaintiff's position, there is no benefit to effectively preventing the Federal Circuit from meaningful review of the decision by denying the motion to stay and permitting what could be irreparably harmful disclosure.  An extraordinary remedy is appropriate here to prevent irreparable harm to POSCO.

Having weighed the four factors, this Court finds that the motion to stay should be granted.  As to paragraph 3 of the Special Master's Order filed July 17, 2014, the Special Master's Order, and this Court's Order affirming that paragraph, will be stayed.

For these reasons,

**IT IS** on this 14th day of November, 2014

**ORDERED** that POSCO's motion to stay (Docket Entry No. 258) is **GRANTED**, and paragraph 3 of the Special Master's Order filed July 17, 2014, modifying the DCO, is hereby **STAYED** pending resolution of the mandamus application presently before the Federal Circuit.

                                                  s/ Stanley R. Chesler  
                                               Stanley R. Chesler, U.S.D.J.